UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH DONTRELL JACKSON,

        Petitioner,                          Case No. 1:08-cv-442

v.                                                   Honorable Robert J. Jonker

BLAINE C. LAFLER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition.

**Discussion**

    I.    <u>Factual allegations</u>

Petitioner Elijah Dontrell Jackson presently is serving a term of 14 to 48 months, imposed by the Kent County Circuit Court on January 2, 2007, after Petitioner pleaded guilty to having escaped from a felony jail sentence in violation of MICH. COMP. LAWS 750.195(2). According to the allegations of the habeas application, following his conviction, Petitioner did not immediately file a direct appeal. Instead, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 on November 5, 2007. Petitioner alleges that the motion was denied on November 13, 2007, apparently without prejudice, because Petitioner still had time to file a direct appeal. Petitioner thereafter filed a delayed application for leave to appeal. The application, filed January 16, 2008, was denied by the Michigan Court of Appeals on March 6, 2008, for failure to pursue the case in conformity with the rules and for lack of jurisdiction because the application was not filed within 12 months of the sentence as required by MICH. CT. R. 7.205(F)(3).

Approximately one week before the court of appeals dismissed the application for leave to appeal, Petitioner filed a habeas petition in this Court. *See Jackson v. Lafler*, 1:08-cv-187 (W.D. Mich.). On April 21, 2008, this Court dismissed the habeas petition without prejudice because Petitioner had failed to exhaust his available state-court remedies. *See id.* (Ord. Adopting R&R, April 21, 2008, docket #5).

Petitioner alleges that, on March 20, 2008, he filed in the Kent County Circuit Court a motion for relief from judgment under MICH. CT. R. 6.500. In his state-court motion, Petitioner raises the same four grounds he raises in the instant habeas petition. The motion for relief from judgment remains pending at this time.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he has raised all issues in his motion for relief from judgment in the Kent County Circuit Court. According to Petitioner's own allegations, however, that motion has not yet been decided. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In order to exhaust his remedies, Petitioner must await the decision of the Kent County Circuit Court and, if he does not obtain the relief he requests, file an application for leave to appeal

to the Michigan Court of Appeals and, thereafter, to the Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Petitioner had one year from the date his sentence was imposed, January 2, 2007, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). He failed to seek leave to appeal until January 16, 2008, and the application was dismissed as untimely. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at

the expiration of the one-year period for seeking review in the Michigan Court of Appeals. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (6th Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on January 2, 2008. As a result, absent tolling, Petitioner has one year from that date in which to file his habeas petition.

However, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). Petitioner's motion for relief from judgment will continue to toll the running of his period of limitations until the Michigan Supreme Court issues a final decision on his claims.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has far more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations, so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

        An Order consistent with this Opinion will be entered.


Dated:   August 18, 2008              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE